[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION (#118)
On June 25, 1997, the marriage of the parties was dissolved by a judgment of this court (Axelrod, J.). As part of that decree, the plaintiff was ordered to pay to the defendant child support in the amount of $250 per week.
On July 2, 2001, the plaintiff filed this motion for a reduction in his child support obligation alleging a substantial reduction of his net weekly income as a result of a change in employment.
The parties appeared and were heard regarding the relief sought in the motion.
The evidence and testimony permits the court to make the following findings.
The plaintiff's net weekly income at the time of the judgment was reported to be $742 paid to him as manager of New Canaan Texaco.
The plaintiff's financial affidavit of September 4, 2001, filed September 4, 2001, indicates that his net weekly income is $733.97.
The substantial reduction in net weekly income claimed by the plaintiff is the inclusion of various out-of-pocket weekly expenses which he did not have at the time of the decree. This includes car expenses ($75), insurance premiums ($188.35) and several other expenses, all of which had been "perks" paid to him or on his behalf by New Canaan Texaco.
He sold that business in early 2001 for $80,000.
The court further finds that at the time of the decree, the plaintiff stipulated and agreed to pay $250 per week as child support despite the fact that the guideline amount at that time obligated him to pay approximately $166 per week.
The plaintiff testified that he would assume that obligation "because I'm a nice guy," and after being thoroughly canvassed by the court (Axelrod, J.) including advisement that, once ordered, the amount would remain $250 per week and "the only way that you can get the support amount changed is if there's a substantial I change in your financial circumstance or that of your ex-wife to be." CT Page 15459
The court also finds that the plaintiff has realized an appreciation in the value of his home equity, motor vehicles, stocks, bonds and mutual funds and deferred income. The net result has been an increase in the plaintiff's financial asset picture. Even absent that fact, the plaintiff's claim that his new out-of-pocket costs constitute a substantial change in circumstances is without merit.
For the foregoing reasons, the plaintiff's motion for modification is hereby denied.
Doherty, J.